**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 22-00282-01

VERSUS                            JUDGE S. MAURICE HICKS, JR.

ANTHONY DEON POUNCY               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Compassionate Release (Record Document 319) filed by Defendant, Anthony Deon Pouncy ("Pouncy"). The Government filed an Opposition (Record Document 324) and Pouncy replied (Record Document 328). For the reasons set forth below, Pouncy's Motion is **DENIED**.

**FACTUAL BACKGROUND**

On June 7, 2023, Pouncy pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine. See Record Document 132, 154. The Presentence Investigation Report held Pouncy accountable for at least 15 kilograms but less than 50 kilograms of cocaine, resulting in a base offense level of 32. See Record Document 262 at 16. The PSR applied a two-level enhancement for maintaining a drug premises and a four-level enhancement for his role as an organizer or leader of criminal activity. See id. After a three-level reduction for acceptance of responsibility, Pouncy's total offense level was 35, with a criminal history category of I and a guideline range of 168 to 210 months. See id. at 22.

The Court sentenced Pouncy to 199 months of imprisonment followed by five years of supervised release. See Record Document 273. Pouncy appealed his sentence, and the Fifth Circuit affirmed. See Record Document 314. Pouncy is currently incarcerated at

FCI Beaumont Low and has a projected release date in 2036. See Record Document 324 at 3.

Pouncy filed the instant motion for compassionate release, arguing that amendments to the Sentencing Guidelines relating to mitigating role adjustments and drug quantity calculations would result in a lower guideline range if applied to his case. See Record Document 319 at 7. He contends that he was a low-level participant and that his current sentence creates an unwarranted disparity. See id. at 8–9. In his reply, Pouncy also points to post-sentencing rehabilitation and argues that he no longer poses a danger to the community. See Record Document 328.

**LAW AND ANALYSIS**

I.    **Applicable Standards**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Pouncy moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent

2

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II.    Analysis

Pouncy has not established extraordinary and compelling reasons for a sentence reduction. His primary argument relies on amendments to the Sentencing Guidelines concerning mitigating role adjustments and drug offense calculations. However, under the applicable policy statement, a change in the law, including a Guidelines amendment that has not been made retroactive, "shall not be considered" in determining whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c). The amendment upon which Pouncy relies has not been made retroactive and therefore cannot serve as a basis for relief under § 3582(c)(1)(A).

To the extent Pouncy argues that the alleged disparity between his sentence and sentences imposed under current law constitutes an extraordinary and compelling reason, that argument is likewise unavailing. The record reflects that his sentence was based on powder cocaine quantities, and the Guidelines applicable to such offenses have not changed in the manner he suggests. Accordingly, Pouncy has not demonstrated the type of gross sentencing disparity contemplated by the policy statement.

Moreover, even if the Court were to consider the substance of Pouncy's argument, the record does not support his assertion that he was a low-level participant. The PSR reflects that Pouncy served as a source of supply, transported cocaine from Texas to Louisiana, utilized multiple locations to store and distribute narcotics, and supplied several co-conspirators. See Record Document 262, 324. These facts supported the

application of a leadership enhancement at sentencing and undermine his claim that he would be entitled to a mitigating role reduction.

Even assuming arguendo that Pouncy could establish extraordinary and compelling reasons, the Court finds that the factors set forth in § 3553(a) weigh strongly against a reduction. Pouncy's offense involved large quantities of cocaine and a coordinated trafficking operation involving multiple participants. His role as a supplier and organizer reflects significant culpability. Additionally, Pouncy has served only a limited portion of his sentence. A reduction at this stage would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Nor would it adequately deter criminal conduct or protect the public.

For these reasons, Pouncy has not demonstrated that he is entitled to relief under § 3582(c)(1)(A).

**CONCLUSION**

Based on the reasons explained above, Pouncy's Motion for Compassionate Release (Record Document 319) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT
